IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH E. KRAUSE, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 09-1132 |
| | : | |
| THE PHILADELPHIA SOUL, a/k/a | : | |
| AFL PHILADELPHIA, LLC; | : | |
| CRAIG SPENCER, JON BON | : | |
| JOVI; LEO CARLIN, JR.; | : | |
| PAUL KORZILIUS, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM RE: MOTION TO REMAND**

**Baylson, J.**                                                                                             **April 30, 2009**

Presently before the Court is Plaintiff's Motion to Remand. This case arises from an employment dispute between Plaintiff and his employers. Defendants removed the case, initially filed in the Court of Common Pleas of Philadelphia County, on grounds of federal question jurisdiction, and Plaintiff now seeks to remand the suit back to state court.

**I.    Background Facts and Procedural History**

Plaintiff filed his initial Complaint in the Court of Common Pleas of Philadelphia County on January 9, 2009. (Doc. 1, Ex. A). In that Complaint, Plaintiff alleged claims of breach of contract, quantum meruit, and violation of the Pennsylvania Wage Payment and Collection Law ("WPCL") arising out of Plaintiff's employment with and subsequent termination by Defendants. (Id.) On February 12, 2009, two of the Defendants in the present case, Jon Bon Jovi and AFL Philadelphia, LLC filed another suit in federal court in the Eastern District of Pennsylvania,

which alleged copyright infringement and other intellectual property violations as well as several additional state and federal claims against Plaintiff in the instant case. (See 09-cv-614, Doc. 1).

After Bon Jovi and AFL Philadelphia filed the federal suit, Plaintiff amended his state court Complaint in the initial suit to include factual allegations concerning the federal suit. (Doc. 1, Ex. B). Under a new facts section titled "Philadelphia Soul and Bon Jovi Retaliate Against Krause," Plaintiff describes the federal law suit, alleges that the federal suit is "frivolous" and evidence of Defendants' "bad faith," and requests attorney's fees for both prosecuting this case and defending the federal copyright suit. The Amended Complaint does not add any new counts or causes of action, but in the WPCL claim (Count III), Plaintiff added another request for attorneys fees for defending the allegedly frivolous federal law suit.

Based on those new allegations in the Amended Complaint, Defendants removed the case to federal court on March 14, 2009, asserting federal question jurisdiction. (Doc. 1). Defendants then filed a Motion to Strike Portions of the Amended Complaint that are allegedly defamatory and irrelevant. (Doc. 8). On March 30, 2009, Plaintiff filed the Motion to Remand arguing that the Amended Complaint did not assert any federal cause of action, despite the additional factual allegations concerning the federal law suit, and the Court thus lacks subject matter jurisdiction. (Doc. 6). In a Rule 16 Conference, held in the courtroom on March 30, 2009, this Court agreed to refrain from deciding the Motion to Strike until the remand issue was resolved and gave Defendants ten days to file a responsive brief to the Motion to Remand. (Doc. 7). Defendants filed their Memorandum in Opposition to the Motion to Remand on April 13, 2009. (Doc. 9).

## II. Parties' Arguments

Plaintiff argues that this Court lacks federal question subject matter jurisdiction because Plaintiff has not asserted any federal causes of action and none of the state law claims necessarily depend on resolution of a substantial federal question. Plaintiff maintains that the factual allegations concerning the federal suit in the Amended Complaint do not indicate that Plaintiff's claims "aris[e] under" federal law and emphasizes that the mere presence of a federal issue is insufficient to establish federal question jurisdiction. According to Plaintiff, the allegations regarding the federal law suit are intended only as evidence of Defendants' bad faith for purposes of the WPCL claim, and rather than being the "forefront" of the case, the federal issue is only collateral to the state wage claim. Thus, Plaintiff asserts removal was improper and the case should be remanded.

Defendants respond that removal was proper because Plaintiff's request for relief in Count III of the Amended Complaint requires resolution of a substantial federal issue, namely the federal copyright claim. Defendants argue that because Plaintiff asks for attorneys fees for defending the allegedly frivolous and retaliatory federal lawsuit, the Court must evaluate the merits of that suit to determine whether it was filed in bad faith. Since the Court must address a substantial question of federal law in order to provide the requested relief, Defendants suggest that federal question jurisdiction exists and removal was therefore proper.

## III. Legal Standards

### A. Jurisdiction

This Court has jurisdiction over the federal claim removed from state court under 28 U.S.C. §§ 1331 and 1441(a). This Court has supplemental jurisdiction to entertain claims

arising under state law pursuant to 28 U.S.C. § 1367.

### B. Standard of Review

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. "The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." Winnick v. Pratt, 2003 WL 21204467, at *2 (E.D. Pa. May 20, 2003) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).

28 U.S.C. § 1447(c) states:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Remand to the state court is therefore appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993). The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer, 913 F.2d at 111 (quoting Steel Valley Authority v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)). "If the court determines that it lacks federal subject matter jurisdiction then remand is necessary." Apoin v. Am. Home Prods., Corp., 108 F. Supp. 2d 454, 455 (E.D. Pa. 2000).

## IV. Analysis

### A. Legal Framework

In 28 U.S.C. § 1331 Congress provided that district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." As the

Supreme Court explained in Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005), federal question jurisdiction is generally invoked when a plaintiff asserts a cause of action created by federal law, but federal question jurisdiction will also "lie over state-law claims that implicate significant federal issues."  However, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction."  Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 (1986).  Rather, the court must consider "the degree to which federal law [is] in the forefront of the case and not collateral, peripheral or remote."  Id. at 814 n.11 (citing Textile Workers v. Lincoln Mills, 353 U.S. 448, 470 (1957) (Frankfurter, J., dissenting)).  The Court has particularly emphasized the "need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction."  Id. at 814.

In Merrell Dow, the Court held that federal question jurisdiction did not exist where the complaint asserted a claim of negligence against a pharmaceutical company, and the plaintiff argued that the company's alleged violation of a federal statute, the FDCA, constituted a rebuttable presumption of that negligence.  Id. at 805-06, 812.  The Court reasoned that because the federal statute did not create a cause of action under which the plaintiff could obtain the requested relief, "the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve Congressional purposes and the federal system." Id. at 814.  The Merrell Dow Court also relied on the earlier decision in Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., in which the Court rejected the argument that federal question jurisdiction existed in a state law enforcement and declaratory judgment action merely because the claim involved employee benefit plans covered by a federal

statute, ERISA. 463 U.S. 1, 22-25 (1983). The Court noted that ERISA provided a federal cause of action, which if implicated would preempt any similar state cause of action and therefore establish federal question jurisdiction. Id. at 24-28. However, the Court concluded that the state law claims did not necessarily invoke the federal statutory cause of action, and therefore the complete preemption doctrine, partly because the federal statute in question did not provide the relief the plaintiffs sought. Id. Thus, even where the federal statute may have had some impact on the outcome of the state law claims, the Court held that the state law action concerning ERISA covered plans did not establish federal question jurisdiction. Id.

More recently, the Court in Grable concluded, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." 545 U.S. at 314. Grable held that federal question jurisdiction existed in a state law quiet title action where the prior landowner asserted the IRS had unlawfully seized his property without proper notice under federal law. Id. at 314-15. The Court emphasized that the meaning of a federal statute was in dispute and was an essential element of the claim. Id. at 315. Because the state law claim turned on a substantial question of federal law, "resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues" was justified. Id. at 312.

However, a year later, the Supreme Court reiterated that a case "'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Empire Healthchoice Assur., Inc. v.

McVeigh, 547 U.S. 677, 690 (2006) (quoting Franchise Tax Bd., 463 U.S. at 27-28).  In Empire Healthchoice, the Court held that despite the "distinctly federal interests involved" in the state contract claim—the contracts were expressly contemplated by a federal statute, one party involved was a federal agency, and reimbursement under the contracts would have been paid to a federal fund—federal question jurisdiction did not exist because the actual claim derived from the contracts and not any federal law.  Id. at 693-97.  The Court explained that the federal issue must be more than an element in the state law claim to establish federal question jurisdiction and emphasized that the extremely fact-bound and situation specific nature of the state law claim indicated the interpretation of federal law was not a significant issue in deciding the state claim.  Id. at 701.

### B.    Application

Based on the doctrine outlined above, this Court rejects Defendants' arguments in favor of removal for several reasons.  First, Plaintiff clearly does not assert a cause of action arising directly under federal law; each of the three counts alleged involve either state contract, tort, or statutory law.  Thus, if federal question jurisdiction exists, this Court must find that federal law is a substantial and disputed issue in one of Plaintiff's alleged state law claims.  However, after a careful examination of the Complaint, this Court cannot agree with Defendants that federal law constitutes such an integral part of any of Plaintiff's state law claims.

Plaintiff's Amended Complaint implicates the federal issue, namely the federal copyright suit, in two different ways: first as evidence of bad faith for purposes of the WPCL claim, and secondly as grounds for awarding attorneys fees, not just for prosecuting the state case but for defending the federal one.  The majority of Plaintiff's pleadings concerning the federal issue are

located in the facts section of the Complaint.  Plaintiff explains that these allegations are relevant

to the Pennsylvania WPCL claim, under which a successful Plaintiff may be eligible for

additional relief if he can prove the defendant employer had acted in bad faith.  Plaintiff suggests

that the federal suit was in retaliation for Plaintiff exercising his rights under the WPCL and thus

was brought in bad faith, which Plaintiff argues is evidence of an overall pattern of bad faith by

Defendants.  The federal "issue" is mentioned again in the final count alleging the WPCL claim

when Plaintiff requests additional attorneys fees for defending the allegedly frivolous and

retaliatory lawsuit.  This Court will consider each set of allegations concerning the federal issue

in turn to determine if either one establishes federal question jurisdiction.

### 1.	Federal Suit as Evidence of Bad Faith in WPCL Claim

Plaintiff's reliance on the federal suit as evidence of Defendants' bad faith certainly does

not indicate that the federal issue is either at the "forefront" of the claim or a substantial and

disputed part of the claim sufficient to warrant federal jurisdiction.  Proving the federal suit is

frivolous, which Plaintiff asserts is only one example of a pattern of overall bad faith, is not a

necessary element of the WPCL claim, and thus resolution of the federal issue is not required to

determine Plaintiff's right to relief under the state law claim.  In Merrell Dow, the reliance on an

alleged violation of a federal law as evidence of a state tort did not establish federal question

jurisdiction, even if the state court would be required to assess the validity of that federal

violation when considering it as evidence in the state claim.  Similarly, although the state court

here may need to assess the merits of the federal lawsuit as part of an inquiry into whether that

suit was brought in good faith, that consideration of the federal legal issue is insufficient to

establish federal jurisdiction where the main issue is the violation of the state law.[1]

Furthermore, even if the state court will necessarily evaluate the merits of the federal suit, it will not ultimately decide or resolve the federal legal issue—whether the Plaintiff violated any federal copyright laws—as that claim is not before the Court. Rather, the state court will focus on the actions of Defendants to determine if the suit was motivated by retaliation. This is necessarily a fact-intensive inquiry suitable for resolution in a state court, as in Empire Healthchoice, rather than a binding interpretation and application of federal law requiring the expertise and uniformity of the federal courts, as in Grable. The federal copyright issue is not at the forefront of Plaintiff's WPCL claim; it is not an element in the right to recovery and is not dispositive in determining whether a violation of the state statute had occurred. At most, the federal issue is a collateral or peripheral one that is merely supporting evidence not even for the WPCL claim itself, but for a request for additional relief due to bad faith. Thus to the extent that Plaintiff has pleaded facts concerning the federal lawsuit as evidence of bad faith in their WPCL claim, such allegations are insufficient to establish federal question jurisdiction.

## 2.   Request for Attorneys Fees in Federal Suit

Plaintiff's request for attorneys fees in the WPCL count similarly does not establish federal jurisdiction merely because the requested fees are for the federal lawsuit. Most importantly, the WPCL does not explicilty authorize attorneys fees where the plaintiff alleges the

---

[1] In responding to concerns that federal statutes would not be uniformly interpreted if state courts could analyze the federal laws in state causes of action, Merrell Dow reasoned that those concerns are "considerably mitigated by the fact that, even if there is no original district court jurisdiction for these kinds of action, this Court retains power to review the decision of a federal issue in a state cause of action." 478 U.S. at 815. To the extent that a state court in the instant action would actually decide an issue of federal law, that issue would likewise be subject to review.

defendants brought a wholly separate suit, concerning an entirely different legal issue, in a different court, against the plaintiff for asserting his or her rights under the state statute.[2]  At most, the WPCL provides additional relief upon evidence of bad faith, which this Court determine above does not provide an avenue for establishing federal jurisdiction even when a federal issue is used as evidence of such bad faith.  Given the need for caution where jurisdiction is uncertain, this Court will not base federal question jurisdiction solely on a request for relief where it is unclear that such relief is even possible under the state statute implicated in the claim.

Furthermore, Defendants have not pointed this Court to any case in which the nature of the relief requested—namely that the relief involves a federal interest—is sufficient to establish jurisdiction.  In fact, in Empire Healthchoice, the Supreme Court found that federal question jurisdiction did not exist even though reimbursement of the plaintiffs, if successful in the state law action, would contribute to a federal fund.  547 U.S. at 693-97; see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 391 n. 4(1987) ("The nature of the relief available after jurisdiction attaches is, of course, different from the question whether there is jurisdiction to adjudicate the controversy." (citing Avco Corp. v. Machinists, 390 U.S. 557, 561 (1968))).  The fact that the relief requested here involves legal fees in a federal lawsuit concerning a federal statute does not itself establish federal question jurisdiction.

In some respects, Plaintiff's request for attorneys fees for defending the allegedly

---

[2]It is worth noting that a counterclaim, whether compulsory or permissive, cannot be grounds for removal to federal court.  Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc. 535 U.S. 826, 8380 (2002) (holding federal jurisdiction may not rest on a federal counterclaim, even when compulsory).  While the Defendants here did not assert the federal copyright claim as a counterclaim, the analogy to a counterclaim scenario is useful in emphasizing that the allegedly responsive relationship between the second, federal lawsuit and Plaintiff's first, state suit is not sufficient to establish federal question jurisdiction.

frivolous federal law suit resembles a state claim for malicious prosecution or wrongful use of civil proceedings, see 42 Pa. C.S. § 8351.  However, Plaintiff certainly did not make that direct allegation in his Complaint, and the Supreme Court has consistently reiterated that "jurisdiction may not be sustained on a theory that the plaintiff has not advanced." Merrell Dow, 478 U.S. at 810 n.6 (citing Healy v. Sea Gull Specialty Co., 237 U.S. 479, 480 (1915)).  Even if Plaintiff did bring a claim for malicious use of process, the mere fact that the alleged misuse involved Defendants initiating a federal law suit and alleging violations of federal law is not sufficient to establish federal question jurisdiction.  A claim for wrongful use of civil proceedings requires that the underlying proceedings have terminated in favor of the Plaintiff; thus the state court could not begin its analysis of the malicious prosecution claim until the federal lawsuit had been decided by the federal court.  Resolution of the federal issue would not be required by the state court, as the state court could not entertain the state claim until the underlying federal suit had been decided by the federal court.  Though the state court would be required to evaluate the merits of the law suit and motives of the Defendants in bringing that suit, those inquiries are again fact-based and do not require the state court to interpret and apply a federal law to the extent necessary to establish federal question jurisdiction.

   Moreover, Defendants have not offered any evidence that Congress intended to preempt any of the allegations in the state suit by creating a private right of action within the federal copyright laws at issue in the federal suit.  Defendants here have not argued that the federal copyright laws enable a defendant in a copyright suit to assert a claim or defense that the suit was in retaliation for earlier litigation and to obtain relief such as attorneys fees for that reason.  Such a retaliation claim, as noted above, is generally brought as a common state law abuse of process

claim.  Without evidence that such a federal cause of action exists and would preempt any state law retaliation claim, this Court cannot conclude that Congress intended to extend federal jurisdiction under these circumstances.  See Franchise Tax Bd., 463 U.S. at 25-26 (holding that where the federal statute did not provide the relief requested by the plaintiff in the state law claim, the complete preemption doctrine does not apply and federal jurisdiction does not exist, despite the necessity of considering the federal statute in the state law claim).

## IV. Conclusion

Because of the need for careful consideration and restraint when exercising federal question jurisdiction in the narrow realm of cases where only state law claims are alleged, and because federal courts should resolve all doubts in favor of remand, this Court cannot find that the circumstances of this case warrant exercising jurisdiction.  The Complaint itself does not allege any claim that requires the state court to decide any issue of federal law and federal law is not dispositive of any of the state claims alleged in the Complaint.

An appropriate Order follows.


O:\Lauren\Krause v. Philadelphia Soul\remand memo.wpd